ACCEPTED
04-13-00106-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
5/18/2015 12:27:22 PM
KEITH HOTTLE
CLERK

NO. 04-13-00106-CV

IN THE COURT OF APPEALS
FOURTH COURT OF APPEALS DISTRICT
SAN ANTONIO, TEXAS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
5/18/2015 12:27:22 PM
KEITH E. HOTTLE
Clerk

BARRY BROOKS, HESTON C. KING, STEFEN DOUGLAS BROOKS, JOHANNA BARTON, AND JESSE RODRIGUEZ BENAVIDES,

*Appellants*

v.

EXCELLENCE MORTGAGE, LTD., ET AL.,

*Appellees*

ON APPEAL FROM THE 225TH JUDICIAL DISTRICT COURT, BEXAR COUNTY, TEXAS HONORABLE CATHY STRYKER, JUDGE OF THE 224TH DISTRICT COURT, PRESIDING CAUSE NO. 2013-CI-01173

## APPELLEES' MOTION FOR REHEARING EN BANC

**SAMUEL V. HOUSTON, III**
State Bar No. 24041135
**HOUSTON DUNN, PLLC**
4040 Broadway, Suite 440
San Antonio, Texas 78209
(210) 775-0882
(210) 826-0075 (fax)
sam@hdappeals.com

**WILLIAM H. FORD**
State Bar No. 07246700
**GREGORY SCRIVENER**
State Bar No. 24013480
**FORD MURRAY, PLLC**
10001 Reunion Place, Suite 640
San Antonio, Texas 78216
(210) 731-6400
(210) 731-6401 (fax)
bill.ford@fordmurray.com
greg.scrivener@fordmurray.com

**ATTORNEYS FOR APPELLEES
EXCELLENCE MORTGAGE, LTD., et al.**

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS ............................................................................... i

TABLE OF AUTHORITIES .......................................................................... ii

SUMMARY OF THE ARGUMENT ................................................................ 1

ARGUMENT.............................................................................................. 2

    I.    The Panel Incorrectly Reversed the Summary Judgment on the Appellants' Antitrust Claims. ........................................... 2

        A.    Appellants' Antitrust Claims Were Based Upon Excellence's Decision to Sue to Enforce Confidentiality Provisions. ........................................................................ 2

        B.    In Abandoning Its Prior Analysis, the Panel Erred By Ignoring Appellants' Pleadings and Excellence's Motion for Summary Judgment. ................................................... 4

    II.    The Panel Erred When It Reversed the Summary Judgment on Appellants' Tortious Interference with Prospective Business Relations Claims. ........................................................................ 8

    III.    Conclusion and Prayer ............................................................. 11

CERTIFICATE OF COMPLIANCE .............................................................. 12

CERTIFICATE OF SERVICE ..................................................................... 13

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Brooks v. Excellence Mortg., Ltd.*,
No. 04-13-00106-CV, 2015 WL 1523067
(Tex. App.—San Antonio Apr. 1, 2015, no pet. h.) ............................ 5, 6, 9

*Houston Mercantile Exch. Corp. v. Dailey Petroleum Servs. Corp.*,
No. B14-92-00818-CV, 1993 WL 322901
(Tex. App.—Houston [14th Dist.] Aug. 26, 1993, no writ)
(not designated for publication) ............................................................. 5

*Marlin v. Robertson*,
307 S.W.3d 418 (Tex. App.—San Antonio 2009, no pet.) ......................... 4

*Marsh USA Inc. v. Cook*, 354 S.W.3d 764 (Tex. 2011) .................................. 4

*Mendelovitz v. Adolph Coors Co.*, 693 F.2d 570 (5th Cir. 1982) .............. 5, 7

*Morriss v. Enron Oil & Gas Co.*,
948 S.W.2d 858 (Tex. App.—San Antonio 1997, no writ) ......................... 7

*RTLC AG Prods., Inc. v. Treatment Equip. Co.*,
195 S.W.3d 824 (Tex. App.—Dallas 2006, no pet.) .................................... 5

*Shoreline Gas, Inc. v. McGaughey*,
No. 13-07-00364-CV, 2008 WL 1747624
(Tex. App.—Corpus Christi Apr. 17, 2008, no pet.) (mem. op.) ................ 3

*United Way of San Antonio, Inc. v. Helping Hands Lifeline Found., Inc.*,
949 S.W.2d 707 (Tex. App.—San Antonio 1997, writ denied) ................... 6

*Wal-Mart Stores, Inc. v. Sturges*, 52 S.W.3d 711 (Tex. 2001) ................ 8, 10

*Zep Mfg. Co. v. Harthcock*,
824 S.W.2d 654 (Tex. App.—Dallas 1992, no writ) ................................... 2

**STATUTES**

TEX. BUS. & COM. CODE § 15.05(a) ................................................................ 4

TO THE HONORABLE COURT OF APPEALS:

Appellees, referred to collectively as "Excellence," respectfully present this motion for rehearing asking the Court to reconsider those portions of the panel opinion on rehearing wherein it reversed the summary judgment order disposing of appellants' claims under the Texas Free Enterprise and Antitrust Act of 1983 and claims for tortious interference with prospective business relations.[1]

## SUMMARY OF THE ARGUMENT

The Court should seriously reconsider its decision to completely abandon its prior analysis. Excellence does not seek rehearing simply because the opinion on rehearing is dramatically different than the original opinion. Rather, Excellence seeks rehearing because the panel's analysis is not supported by the record. In reversing the summary judgment on the antitrust and tortious inference with prospective business relations claims, the opinion essentially rewrites appellants' pleading to change the factual basis of the claims against Excellence. This is not permissible. In the end, the panel had it right the first time. The opinion on rehearing should be withdrawn and the original analysis should be included in a new opinion affirming the summary judgment order in its entirety.

---

[1] In its opinion on rehearing, the panel affirmed the summary judgment on appellants' contract-based claims for commissions that were paid on loans that closed and funded after they resigned on October 1, 2010. Although the panel's analysis in the opinion on rehearing is markedly different than that contained in the original opinion, this motion for rehearing does not address the contract-based claims as Excellence maintains that summary judgment was appropriately granted by the trial court on those claims.

# ARGUMENT

## I. The Panel Incorrectly Reversed the Summary Judgment on the Appellants' Antitrust Claims.

### A. Appellants' Antitrust Claims Were Based Upon Excellence's Decision to Sue to Enforce Confidentiality Provisions.

Appellants asserted a claim under the Texas Free Enterprise and Antitrust Act of 1983 (hereinafter "the Act"), because they were not permitted to close loans for "pipeline customers," *i.e.*, customers who had pending loans with Excellence at the time that appellants resigned. CR 269. Appellants based their antitrust claims upon the injunctive relief that Excellence obtained when it sued to enforce confidentiality provisions found in the Employment Agreements and Employee Confidentiality Agreements signed by appellants. *See* CR 150, 158, 269-70. Appellants asserted that Excellence "asserted in bad faith" "a groundless claim" that permitted it to obtain a "groundless injunction." CR 269-70.

Appellants attempted to bring Excellence's lawsuit within the reach of the Act by alleging that the confidentiality provisions were effectively covenants not to compete. CR 269-70. Presumably, this allegation was purposeful, because a covenant not to compete could conceivably fall within the Act's reach, whereas a confidentiality provision that restricts the disclosure of confidential information does not. "Noncompete covenants are different than nondisclosure covenants." *Zep Mfg. Co. v. Harthcock*, 824 S.W.2d 654, 663 (Tex. App.—Dallas 1992, no writ). The latter provision is not considered a

restraint on trade because it "do[es] not necessarily restrict a former employee's ability to compete with the former employer" or prevent a former employee from using "the general knowledge, skill, and experience acquired in [the] former employer." *Shoreline Gas, Inc. v. McGaughey*, No. 13-07-00364-CV, 2008 WL 1747624, at *10 (Tex. App.—Corpus Christi Apr. 17, 2008, no pet.) (mem. op.).

In moving for summary judgment, Excellence asserted that there could be no claim under the Act because (1) the confidentiality provisions were most appropriately described as a nondisclosure agreement, and (2) nondisclosure agreements are not covered by the Act. CR 128-129. Therefore, Excellence's enforcement of the provisions through a lawsuit could not give rise to an antitrust claim as a matter of law.

In its original opinion, the panel analyzed the confidentiality provisions and rejected the appellants' allegation that the provisions constituted a covenant not to compete. Slip op. at 21.[2] Further, based upon its review of the provisions, as well as the record, the panel concluded that there was nothing to support the appellants' allegation that they would be able to solicit those pipeline customers without using Excellence's confidential information and without violating their agreements with Excellence. *Id.* Under the provisions, confidential information specifically included "the identity of the Company's

---

[2] Excellence cites to the original slip opinion because the opinion has been removed from Westlaw.

3

customers, customer personal data information, customer contact information, customer account information and balances, and customer investment preferences." CR 150. According to the panel's original opinion, appellants did not have a viable claim:

> Information containing the names and addresses of individuals with whom the loan officers came into contact during their employment at Excellence, is precisely the information Appellants each contracted with Excellence not to disclose. There is no evidence Excellence sought to prevent Appellants from working or being employed by Premier; they simply sought the protection of the confidential information outlined in Appellants' employment agreements.
>
> Accordingly, section 15.05 of the Texas Business and Commerce Code's prohibition against antitrust actions does not apply." (citing *Marsh USA Inc. v. Cook*, 354 S.W.3d 764, 768 (Tex. 2011)).

Slip Op. at 21.

## B. In Abandoning Its Prior Analysis, the Panel Erred By Ignoring Appellants' Pleadings and Excellence's Motion for Summary Judgment.

On rehearing, the panel essentially rewrites the appellants' pleadings with respect to the antitrust claims. The Act declares that "[e]very contract, combination, or conspiracy in restraint of trade or commerce is unlawful." TEX. BUS. & COM. CODE § 15.05(a). To prevail on a claim under the Act, the "plaintiff must show that the alleged contract, combination, or conspiracy is unreasonable and has an adverse effect on competition in the relevant market." *Marlin v. Robertson*, 307 S.W.3d 418, 427 (Tex. App.—San Antonio 2009, no pet.).

4

The act underlying appellants' claims was Excellence's decision to sue to enforce the confidentiality provisions. CR 269-70. Those provisions serve as the "contract" required by the Act. Just like in other cases where a plaintiff alleges that a particular contract affords rights that are "unreasonable" for purposes of antitrust law, the court evaluates whether the enforcement of those provisions results in a violation of the Act. *See, e.g., Mendelovitz v. Adolph Coors Co.*, 693 F.2d 570, 578 (5th Cir. 1982) (analyzing whether a contract between beer manufacturer and distributors imposing territorial restrictions and quality control procedures violated the Act); *RTLC AG Prods., Inc. v. Treatment Equip. Co.*, 195 S.W.3d 824, 830-32 (Tex. App.—Dallas 2006, no pet.) (analyzing whether a tying arrangement violated the Act). Appellants' summary judgment response confirms this. *E.g.*, CR 284 (arguing that the confidentiality provisions were effectively covenants not to compete that violated the Act).[3]

On rehearing, the panel does not directly address the confidentiality provisions and Excellence's decision to enforce them through the lawsuit. *See Brooks v. Excellence Mortg., Ltd.*, No. 04-13-00106-CV, 2015 WL 1523067, at *10 (Tex. App.—San Antonio Apr. 1, 2015, no pet. h.) (only noting that

---

[3] A person who initiates a lawsuit is "generally immune from antitrust liability, under the right of petition guaranteed by the Bill of Rights and the Texas constitution." *Houston Mercantile Exch. Corp. v. Dailey Petroleum Servs. Corp.*, No. B14-92-00818-CV, 1993 WL 322901, at *3 (Tex. App.—Houston [14th Dist.] Aug. 26, 1993, no writ) (not designated for publication). "To base an antitrust claim upon litigation, a party must show that the lawsuit is not protected petitioning, but instead is sham litigation." *Id.*

Excellence argued that it was seeking to enforce the confidentiality provisions). Unlike the original opinion, there is no analysis of the confidentiality provisions and whether customer information is protected from disclosure. There is also no discussion regarding the distinction between a covenant not to compete and a nondisclosure agreement, including the fact that the latter is not a restraint on trade.

Ignoring appellants' pleading, the panel finds a whole new basis for appellants' antitrust claims. Rather than directly addressing the lawsuit, the panel relies upon conclusory allegations made by appellants in their summary judgment affidavits that (unnamed) state or federal laws were violated when Excellence transferred loan files to Georgetown. *See Brooks*, 2015 WL 1523067, at *9-10. Importantly, appellants do not identify relevant statutes or regulations that were violated.[4] Nonetheless, based upon its reading of the affidavits (as opposed to the live pleading), the panel construes—or perhaps changes—appellants' pleadings to allege some sort of "combination" or "conspiracy" between Excellence and Georgetown Mortgage to violate unidentified state or federal law (and not necessarily the Act itself). *Id.* at *10 (". . . such transfers are prohibited under state or federal regulations,

---

[4] The panel's reliance upon the affidavits to establish a legal conclusion, *i.e.*, that some state or federal law requires certain performance, is improper. *See United Way of San Antonio, Inc. v. Helping Hands Lifeline Found., Inc.*, 949 S.W.2d 707, 713 (Tex. App.—San Antonio 1997, writ denied) ("Under Texas law, a witness may not give legal conclusions or interpret the law to the jury.").

Georgetown and Excellence worked together to effect the transfers. . . .").[5] The panel's opinion also omits citations to the laws that were allegedly violated.

The panel cannot alter the basis for the appellants' claims through its own reading of affidavits. The Court has previously explained that "a plaintiff can recover, if at all, only on the cause of action pleaded by him. His claims are fixed by the factual circumstances alleged in the petition . . . ." *Morriss v. Enron Oil & Gas Co.*, 948 S.W.2d 858, 873 n.14 (Tex. App.—San Antonio 1997, no writ) (citation omitted). The Court should revisit the panel opinion to correct this serious error.

Not only does the panel fail to give effect to the actual pleading, but its construction is actually inconsistent with appellants' pleaded causation theory. Causation is an element of a claim under the Act, and the contract, combination, or conspiracy complained of by a plaintiff must have a causal nexus to the injury. *Mendelovitz*, 693 F.2d at 578. To the extent that appellants were denied access to Excellence's confidential information, including customer names, it was because Excellence sued to enforce the confidentiality provisions and was granted injunctive relief. The transferring of loan files between Excellence and Georgetown was not the source of the

---

[5] This allegation is problematic given the appellants' overall position in the appeal that Excellence "ceased to exist" in late September 2010. Excellence is unaware of any authority that would suggest that a defunct company can participate in a "conspiracy" or "combination" for purposes of a claim under the Act. Further, it is well-established that a company cannot conspire with its own employees for purposes of the Act. *Red Wing Shoe Co., Inc. v. Shearer's, Inc.*, 769 S.W.2d 339, 345 (Tex. App.—Houston [1st Dist.] 1989, no writ).

alleged injury. Therefore, the panel erred in rejecting its earlier analysis wherein it directly addressed the source of appellants' claims: the confidentiality provisions, the lawsuit, and the injunction.

Given the foregoing, the Court should issue a new opinion reinstating the analysis in the earlier panel opinion where the actual issues presented by the pleadings and Excellence's motion for summary judgment were addressed.

## II. The Panel Erred When It Reversed the Summary Judgment on Appellants' Tortious Interference with Prospective Business Relations Claims.

Excellence's suit to enforce the confidentiality provisions is at the center of appellants' claims for tortious interference with prospective business relations. *See* CR 265. ("The suit induced Premier, Counter-Plaintiffs' new employer, to agree not to do business with the 91 prospective borrowers in order to avoid litigation."); *see also* CR 282 ("Such conduct of maliciously filing the groundless suit . . . is independently tortious."). Excellence moved for summary judgment, asserting that its decision to file suit and seek injunctive relief was not independently tortious or unlawful for purposes of appellants' tortious interference claim. *See* CR 127; *see also Wal-Mart Stores, Inc. v. Sturges*, 52 S.W.3d 711, 713 (Tex. 2001) (discussing elements of claim).

In its original opinion, the panel correctly noted that appellants' claims were based upon Excellence's lawsuit. Slip Op. 15 ("The tortious act alleged by Appellants is the filing of this lawsuit, an allegedly baseless and groundless suit."). The panel analyzed the various authorities cited by Excellence and

8

concluded that "[f]iling a lawsuit is not independently a tortious act." *Id.* at 16. Further, given that the employment agreements specifically authorized Excellence to seek injunctive relief in connection with a suit to enforce its rights under the confidentiality provisions, the panel correctly concluded that summary judgment had been properly granted. *Id.*

On rehearing, the panel again rewrites the appellants' pleading and abandons its prior analysis. The panel concludes that the summary judgment must be reversed because there is a fact question as to whether Excellence committed an unlawful act. *Brooks*, 2015 WL 1523067, at *11. But the purported unlawful act identified by the panel is not the lawsuit to enforce the confidentiality provisions. According to the opinion on rehearing, the unlawful act complained about by appellants is "an antitrust violation." *Id.*

The panel's analysis in the opinion on rehearing must be rejected because it is not consistent with the pleaded allegations. Appellants brought a tortious interference claim because Excellence filed "this groundless suit in the name of Excellence (then defunct) to prevent and unlawfully interfere with such business relationships." CR 266. Completely rejecting its prior analysis and the plain language in appellants' pleading, the panel now reasons that there is a fact question as to whether Excellence tortiously interfered with prospective relationships because there is also a fact question as to whether it committed an antitrust violation. The panel does this even though appellants' pleadings did not base the tortious interference claim upon an antitrust

9

violation. *See* CR 265-66. Further, the antitrust violation described earlier in the opinion on rehearing rested upon the alleged violation of state or federal law regarding the transfer of files between mortgage lenders. *See* I.B, *supra.* But this is not the cause of appellants' alleged injury. *See id.*

There is no explanation as to why the panel looked outside of appellants' pleading. The independently tortious/unlawful conduct element of a tortious interference with prospective relations claim rests upon conduct that is directed toward a third party that leads the third party not to do business with the plaintiff. *See Wal-Mart Stores, Inc.,* 52 S.W.3d at 726 (providing examples). The allegedly unlawful transfer of loans between Excellence and Georgetown Mortgage does not meet that definition. Presumably, this is precisely why appellants complained about the so-called "groundless injunction" that prevented them from pursuing those pipeline customers.

The panel had it right the first time. Based upon appellants' pleadings, the issue was whether the filing of the lawsuit was independently tortious or unlawful. The panel analyzed the record and the relevant authorities in its original opinion and correctly concluded that Excellence was entitled to summary judgment. *See* Slip Op. 15-16. Accordingly, this motion for rehearing should be granted.

## III. Conclusion and Prayer.

Applying the law to the record, it is beyond dispute that Excellence was entitled to summary judgment on appellants' antitrust and tortious interference with prospective business relations claims.

WHEREFORE, PREMISES CONSIDERED, Appellees Excellence Mortgage Ltd.; LATD-1, LLC; Grothues Financial, Ltd.; Grothues Brothers Management 1, LLC; and Georgetown Mortgage LLC respectfully pray that the Court grant this motion for rehearing, withdraw the panel opinion on rehearing and judgment dated April 1, 2015, issue a new opinion and judgment affirming the trial court's summary judgment order in its entirety, and grant other further relief to which appellees may be justly and equitably entitled.

Respectfully submitted,

/s/ Samuel V. Houston, III
SAMUEL V. HOUSTON, III
State Bar No. 24041135
HOUSTON DUNN, PLLC
4040 Broadway, Suite 440
San Antonio, Texas 78209
Telephone: (210) 775-0882
Fax: (210) 826-0075
sam@hdappeals.com

WILLIAM H. FORD
State Bar No. 07246700
GREGORY SCRIVENER
State Bar No. 24013480
FORD MURRAY, PLLC
10001 Reunion Place, Suite 640
San Antonio, Texas 78216
Telephone: (210) 731-6400
Fax: (210) 731-6401
bill.ford@fordmurray.com
greg.scrivener@fordmurray.com

ATTORNEYS FOR APPELLEES
EXCELLENCE MORTGAGE LTD.;
LATD-1, LLC; GROTHUES
FINANCIAL, LTD.; GROTHUES
BROTHERS MANAGEMENT 1, LLC;
AND GEORGETOWN MORTGAGE
LLC

## CERTIFICATE OF COMPLIANCE

In accordance with Texas Rule of Appellate Procedure 9.4, the undersigned certifies that the foregoing brief contains 2,566 words.

/s/ Samuel V. Houston, III
SAMUEL V. HOUSTON, III

12

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served in accordance with the Texas Rules of Appellate Procedure on the 18th day of May, 2015, to the following:

Darby Riley                                  *Via e-mail/e-serve*
Riley & Riley
320 Lexington Avenue
San Antonio, Texas  78215-1913
(210) 225-7236
(210) 227-7907 (fax)

/s/ Samuel V. Houston, III
SAMUEL V. HOUSTON, III
